## Rosina Behler, Administratrix, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

1. NEGLIGENCE—*what does not tend to establish wilfulness.* An honest effort to warn and to keep one away from danger is not evidence of an intent to injure even if there was a more safe way to prevent the injury.

2. CONTRIBUTORY NEGLIGENCE—*when bars action notwithstanding wilful injury is charged.* If the evidence fails to establish wilful injury by the defendant as charged in the declaration and if the evidence establishes as a matter of law the contributory negligence of the plaintiff's intestate, a judgment of reversal with findings of fact will be entered on appeal.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of White county; the Hon. J. R. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1910. Reversed. Opinion filed April 15, 1911.

NOAH C. BAINUM, for appellant; L. J. HACKNEY and F. M. PARISH, of counsel.

ISAAC T. SPENCE and JOE A. PEARCE, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Rosina Behler, administratix of the estate of Marx Behler, deceased, appellee, recovered a judgment in the lower court against the appellant railway company in the sum of $500 for the death of said Marx Behler by reason of the alleged wilfulness and negligence of appellant. Marx Behler was about fifty years of age and was killed on March 22, 1909, while employed by appellant in the distribution of a train load of railroad ties on appellant's railroad about three miles north of Eldorado, Illinois, by being struck on the left side of the head with a railroad tie thrown from one of the cars of said train by three other section men of appellant while unloading and distributing said ties. The

deceased had been employed as a section hand on the appellant's road for about three years and had worked at the job of distributing ties from trains along the railroad many times before his death, as shown by the record, it being a part of the employment of section men on said road to do such work. He left surviving him his widow, Rosina Behler, and four children. He was a strong, healthy man up until his death, earning $1.50 per day, with which he supported his family.

The declaration charges in substance in the first two counts thereof that the defendant's foreman and vice-principal wilfully, carelessly and negligently permitted the said employes of the defendant to throw said tie out of said car and onto the deceased after discovering his dangerous position. The third count charges that the defendant negligently failed and refused to provide the said deceased with safe cars, engines and trains, and with a safe place in which to work, and failed to provide him with reasonably safe and careful employes with which to work, and negligently threw said tie against him. The charge in the fourth count is that said foreman negligently ordered the deceased to quit his work as a section hand and to engage in the more dangerous work of distributing ties on the railroad with which work the deceased was not familiar, and wilfully and negligently permitted said employes to throw said tie out of the car and against the deceased, etc., whereby he was killed.

Appellant insists here that the court erred in overruling the defendant's motions to exclude the evidence from the jury, and to direct a verdict of not guilty at the close of the plaintiff's evidence, and again at the close of all the evidence. The record properly presents these questions here, and under our conclusions in this case, it will not be necessary to consider any of the other questions raised by the parties. In addition to the foregoing facts which are uncontradicted the evidence discloses that the train in question consisted of box cars and coal cars loaded with ties which were

to be distributed along the appellant's right of way from Carmi to Eldorado. The train was in charge of Clifford Wright, supervisor of tracks for appellant, and the men employed on the train for the work of distributing the ties were two section gangs of appellant accompanied by their section foremen, C. C. Baker and Martin Smiley. The only instructions that were given that day were given by Wright, the supervisor, who instructed the foremen and all the men on the day in question before they started with the train, to be careful in unloading the ties, and not to let any of the men be along the side of the cars, except at box cars where they threw them back, while they were throwing out ties. All the men employed were so instructed, and every one worked where the occasion seemed to require him. Where they were unloading box cars it required a ground man to move the ties back clear of the track because the men were not able at all times to clear the ties from the track, owing to the manner in which they had to be unloaded from the box cars. The deceased just before he was struck with the tie had been doing this work of moving ties back in the clear that were being unloaded from box cars. The tie that struck the deceased was thrown from a coal car which was about eight feet high from the ground and about four or five feet deep from the top of its sides to its floor. The train was still at this time and three of the section men were throwing ties from this car, and they were working rapidly in order to clear away for another coming train, and had already thrown from three to five ties from it at the place of the injury and were throwing them from the bottom layer of ties. Martin Smiley, section foreman, was at this time sitting on the north end of this car at the east side thereof with his feet out and facing south. The deceased from a point south of this car and on the east side of the train started north walking close to the cars. When he got to the east door of the box car and next car south of the coal car, Earl Hanley who was working on the ground

at the box car door told Behler to hold on, "that a fellow was shooting them (ties) out up there." Hanley says Behler stopped a minute, and then went on behind Hanley towards the coal car. When Behler was about two feet south of the south end of the coal car Smiley, section foreman, shouted at him "to look out, they are throwing ties out of there." Behler at that warning ducked his head and went forward a little faster, and when he had gotten about nine or ten feet farther he was struck with the tie as it was thrown from the car. Just opposite and east of this car there was a small pond. Deceased could have gone around on the east side of the pond, but instead went between the car and the pond. Patrick Crogan, another witness for plaintiff and who was close to Behler when struck, says he shouted to him, "look out," and that Behler dodged the first tie thrown but was hit with the next one. Other men near Behler shouted words of warning to him as he approached the car, but none of the warnings stopped the deceased, although his actions showed clearly he understood them. Some of the witnesses say the men in the car could not see Behler, and that Behler could not see them. The men who threw the tie say they did not, and could not, see him at that time, and could not stop the tie after they learned of his danger. The foregoing facts are not disputed, and are all the controlling facts in the case. It is clear that as to all charges of negligence, simply, in the declaration that the appellee has failed to make out a case of recovery against appellant because the law casts the burden upon her to prove by a preponderance of the evidence that the deceased was at and just prior to his injury in the exercise of ordinary care for his own safety. The undisputed evidence very clearly and conclusively shows that the deceased was guilty of contributory negligence, and there can be no other reasonable conclusion drawn when all the evidence is considered. The appellant was entitled to a verdict upon

those issues. C. & E. I. R. R. Co. v. Heerey, 203 Ill. 492; Beidler v. Branshaw, 200 Ill. 425.

While it is true that contributory negligence is no defense to an injury that is wilfully or wantonly committed, still it is also clearly established by the foregoing evidence that the appellee has failed to prove that the deceased was killed by reason of the wilful conduct of the defendant or its foreman that is charged in the declaration. The evidence shows that the deceased was thoroughly warned and apprised of his danger by Smiley and others, which was the natural and usual way to undertake to save one when approaching danger, and Behler evidently thought he could avoid the ties by stooping and dodging. The shouts of warning to the deceased in the hearing of the men handling the tie was also a note of warning to them that some one was in danger, and they swear it was too late for them to withdraw the tie after they had notice of his danger. The evidence undisputedly shows that the foreman did not wilfully permit them to throw the tie on him, and we do not see how the facts could be viewed otherwise. An honest effort to warn, and to keep one away from danger, is not evidence of an intent to injure, even if there was a more safe way to prevent the injury.

The court erred in refusing to exclude the evidence from the jury and to direct a verdict of not guilty. The judgment of the lower court is therefore reversed without remanding.

*Reversed.*

Finding of facts to be incorporated in the judgment:

We find as ultimate facts that the deceased, Marx Behler, was not in the exercise of ordinary care for his own safety at and just before the time of his injury, that he was guilty of contributory negligence, and that appellant was not guilty of the wilful or wanton conduct charged in the declaration.